UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID LAWSON,<br><br>         Plaintiff,<br><br>    v.<br><br>ALEUTIAN SPRAY FISHERIES, INC., et al.,<br><br>         Defendants. | CASE NO. C11-0061JLR<br><br>ORDER ON DIRECTION TO SHOW CAUSE |

## I.     INTRODUCTION

Before the court are: (1) Plaintiff David Lawson's response to the court's order to either file a motion for default or to show cause why Defendants Khana Marine Ltd. ("Khana Marine"), Eastern Reefer AS ("Eastern Reefer"), and M/V JACHA should not be dismissed (Dkt. # 50); (2) Mr. Lawson's motion to sever and transfer *in rem* claims against Defendant M/V JACHA to the District of Alaska (Dkt. # 40); and (3) Mr. Lawson's motion to sever and transfer certain *in personam* claims against Defendants

ORDER- 1

Khana Marine and Eastern Reefer to the District of Alaska (Dkt. # 52). The court finds Mr. Lawson's response to its order to show cause (Dkt. # 50) to be inadequate and therefore dismisses Khana Marine, Eastern Reefer and M/V JACHA for lack of prosecution. The court also denies Mr. Lawson's motions to transfer (Dkt. ## 40, 52).

## II.  BACKGROUND AND ANALYSIS

This matter has been pending for more than one year. (*See* Compl. (Dkt. # 1) (filed on January 12, 2011).) Since that time, Defendants Khana Marine and Eastern Reefer have appeared (Dkt. # 9), but have never answered. Mr. Lawson admits that he has failed to serve these defendants. (Resp. (Dkt. # 50) at 2.) The record is also devoid of any proof of service, a notice of appearance, or an answer on behalf of M/V JACHA. At the hearing on January 4, 2012, the court ordered Mr. Lawson to file a motion for default against Khana Marine, Eastern Reefer, and M/V JACHA within ten days or show cause why these defendants should not be dismissed for lack of prosecution. (*See* Min. Entry (Dkt. # 44).)

On January 17, 2012, Mr. Lawson filed a response to the court's order to show cause.[1] (Resp. (Dkt. # 50).) In his response, Mr. Lawson states that he must serve both both Khana Marine and Eastern Reefer using the process established under the Hague Convention, and that such service will cost between $600.00-$800.00 and take six

---

[1] The court ordered Mr. Lawson to respond to its order to show cause within ten days. (*See* Min. Entry.) Tens days following the court's order fell on Saturday, January 14, 2012, and the following Monday, January 16, 2012 was a federal holiday. Accordingly, pursuant to Federal Rule of Civil Procedure 6(a)(3)(A), the deadline for responding to the court's order to show cause fell on Tuesday, January 17, 2012.

months or more to accomplish. (Resp. at 2.) Mr. Lawson asserts that he failed to promptly initiate service upon these defendants (1) because he was under the mistaken belief that his action against Eastern Reefer would not relate back to the original filing date of the complaint under Federal Rule of Civil Procedure 15 and was therefore time barred (*id.* at 2-3), and (2) because "the time and expense [of] serving Khana Marine" under the Hague Convention was too great in light of "the likelihood that Khana Marine [] would then claim it was not the proper defendant " (*id.* at 3).

In addition, although Mr. Lawson sued Khana Marine and Eastern Reefer in the Western District of Washington, he now believes that the existence of personal jurisdiction over these defendants in this district is "debatable." (Resp. at 4.) Plaintiff asserts that, although he has not served, or even begun the process of serving, any of these defendants in over a year, the court should nevertheless transfer his *in rem* claims against M/V JACHA and his *in personam* claims against Khana Marine and Eastern Reefer to the District of Alaska.[2] (*See* Resp. at 4; Mot. to Trans. In Rem Claims (Dkt. # 40); Mot. to Trans. In Pers. Claims (Dkt. # 52).)

A district court may *sua sponte* dismiss an action for unreasonable failure to prosecute. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute must be unreasonable in order to support dismissal); *Henderson v. Duncan*, 770 F.2d

---

[2] Mr. Lawson also filed a reply memorandum in support of his motion to sever and transfer the *in rem* claims against M/V JACHA in order "to call to the Court's attention the fact that no Opposition has been filed." (Reply (Dkt. # 49) at 1.) The lack of an opposition from M/V JACHA is not surprising since there is no indication on the record that M/V JACHA has ever been served, appeared, or received notice of the motion.

1421, 1423 (9th Cir. 1986) ("[D]ismissal for lack of prosecution must be supported by a showing of unreasonable delay.")  A district court must consider five factors to determine whether to dismiss a case for lack of prosecution:  (1) the public's interst in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants,  (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions.  *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).  Dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal.  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  The court has considered these factors, and finds their application to this case favors dismissal of Mr. Lawson's claims against M/V JACHA, Khana Marine and Eastern Reefer.

The first two factors – the public interest in the expeditious resolution of litigation and the court's need to manage its docket – weigh heavily in favor of dismissal.  Mr. Lawson asserts that given the long time required to serve a defendant under the Hague Convention, it is unlikely that either Khana Marine or Eastern Reefer would have been served by this point in the litigation even if he had promptly begun the process under the Hague Convention near the beginning of this suit. (Resp. at 6.)  Mr. Lawson misses the point.  By delaying even the start of the process for more than a year, Mr. Lawson has ensured that these defendants will not be served under the Hague Convention for many more additional months.  Trial in this matter is set for July 16, 2012.  (Sched. Ord. (Dkt. # 14).)  Based on Mr. Lawson's calculations – that service under the Hague Convention

takes six months or more – it is doubtful that he will be able to accomplish service prior to the trial date. Indeed, the court does not know if Mr. Lawson will ever be able to accomplish service on these defendants, and without effective service the litigation cannot proceed through the necessary steps to resolution.[3]

The third factor – the risk of prejudice to the defendants – also weighs in favor of dismissal. The events upon which this case is based occurred in January 2008, more than four years ago. If the court were to permit the case against to go forward, given the length of time that Mr. Lawson states will be necessary to accomplish service of process under the Hague Convention, it is doubtful that the court will be able to maintain the present trial date of July 16, 2012. Indeed, it is doubtful that Mr. Lawson will even have accomplished service by that date. (*See* Resp. at 2, 6.) The longer the suit is delayed, the more witnesses' memories will fade, and the more difficult it will be to defend the case.

The fourth factor generally weighs against dismissal based on the strong public policy favoring resolution of claims on their merits. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). In this case, however, Mr. Lawson has failed to even serve his complaint on three defendants after more than one year of litigation, "thus undermining this court's ability to fully address the allegations." *Travenia v. Woodland City*, No. CIV S-06-2498 MCE GGH PS, 2007 WL 4557116, at * 5 (E.D. Cal. Dec. 21,

---

[3] Mr. Lawson has requested severance and transfer to the District of Alaska which would at least arguably remove the case against these three defendants from this court's docket. This court, however, is unwilling to transfer a case which has been so grossly mismanaged in its prosecution to another federal district court. This would simply result in transferring a problem of docket management from one court to another, which this court will not do.

2007). Indeed, this court should not be tasked with addressing the merits of Mr. Lawson's claims because he has effectively abandoned his claims by failing to even attempt service of process for more than a year, particularly at the expense of delaying the resolution of other, actively pursued, claims. *See id.* at *4; *see also Ryan v. BAC Home Loans Serv. LP*, No. CIV S-10-2928 WBS GGH PS, 2011 WL 703677, at *3 (E.D. Cal. Feb. 18, 2011) ("[T]his court is put in the untenable position of expending limited judicial resources to decide . . . [an effectively abandoned] case on the merits."). Accordingly, under the facts of this case, the court finds that this factor also weighs in favor of dismissal.

The fifth factor – the availability of less drastic sanctions – also weighs in favor of dismissal. Mr. Lawson has had ample opportunity to pursue his claims, including the most recent opportunity to respond to the court's order to show cause. Mr. Lawson's counsel's excuses that he misunderstood the "relation back" principles of Federal Rule of Civil Procedure 15, and that he was possibly mistaken as to the availability of personal jurisdiction in this district with regard to these defendants, are inadequate to explain more than a year's delay in service of process. *See Pacheco v. Paul Fin.*, No. S-10-0085 GEB GGH PS, 2010 WL 2076946, at *2 (E.D. Cal. May 24, 2010) (finding that lack of knowledge concerning the Federal Rules of Civil Procedure was insufficient to excuse delay in filing responsive memorandum or to avoid dismissal). On the basis of these facts, there is no feasible less drastic sanction. It would inappropriate to impose monetary sanctions to coerce timely prosecution of Mr. Lawson's claims, and this sanction would not remedy the prejudice to defendants. Accordingly, the court dismisses

Mr. Lawson's claims against M/V JACHA, Khana Marine and Eastern Reefer without prejudice for failure to timely prosecute.[4] Further, the court denies Mr. Lawson's motions to transfer the *in rem* claims against M/V JACHA and the *in personam* claims against Khana Marine and Eastern Reefer.

### III.  CONCLUSION

Based on the foregoing, the court finds Mr. Lawson's response to its order to show cause (Dkt. # 50) to be inadequate, and DISMISSES Mr. Lawson's claims against M/V JACHA, Khana Marine and Eastern Reefer without prejudice for failure to prosecute. In addition, the court DENIES Mr. Lawson's motions to sever and transfer these claims to the District of Alaska (Dkt. ## 40, 52).

Dated this 24th day of January, 2012.

JAMES L. ROBART
United States District Judge

---

[4] *See Ash v. Cvetkov*, 739 F.2d 493, 495–97 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute," and that "[a] relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line.").

ORDER- 7